[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-10073
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 7, 2011
JOHN LEY
CLERK

D.C. Docket No. 0:09-cr-60172-PAS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HRACH NIKOGHOSYAN,

Defendant-Appellant.

_____

No. 10-10074
Non-Argument Calendar

_____

D.C. Docket No. 0:90-cr-60172-PAS-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VARDGES NIKOGHOSYAN,

Defendant-Appellant.

Appeals from the United States District Court
for the Southern District of Florida

————————————————

(January 7, 2011)

Before TJOFLAT, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Hrach and Vardges Nikoghosyan ("Defendants") appeal their thirty-month

sentences for conspiracy to commit offenses against the United States in violation

of 18 U.S.C. § 371 through access device fraud, in violation of 18 U.S.C.

§ 1029(a)(1), and theft of U.S. postage stamps, in violation of 18 U.S.C. § 641.

Defendants conspired to generate counterfeit credit cards using illegally obtained

credit card numbers and used these cards to purchase postage stamps.  For

purposes of U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 2B1.1(b), the

district court counted as victims the seventy-six defrauded banks, the United

States Postal Service, and the 430 identified individuals whose account numbers

were unlawfully used and applied the six-level enhancement for an offense

involving over 250 victims.  Defendants argue that the district court erred in

counting the individual account holders because their losses were quickly credited

or reimbursed by third parties, and that the appropriate enhancement would have been the four-level increase for an offense involving over 50 victims. However, we find no error in the district court's application of the Guidelines for the reasons discussed below.

We review a district court's application and interpretation of the Guidelines *de novo*, and its factual findings for clear error. *United States v. Lee*, 427 F.3d 881, 892 (11th Cir. 2005). The law of this Circuit is "emphatic" that only the Supreme Court or this Court sitting *en banc* can judicially overrule a prior panel decision. *Cargill v. Turpin*, 120 F.3d 1366, 1386 (11th Cir. 1997).

U.S.S.G. § 2B1.1(b)(2)(C) provides that the base offense level for offenses of this form shall be increased by six levels if the offense involves 250 or more victims. The guidelines commentary defines a "victim" as "any person who sustained any part of the actual loss determined under subsection (b)(1)." *Id.* § 2B1.1, cmt. n.1. The commentary defines "actual loss" as "reasonably foreseeable pecuniary harm that resulted from the offense." *Id.* cmt. n.3(A)(i). Reasonably foreseeable pecuniary harm means monetary harm that "the defendant knew or, under the circumstances, reasonably should have known, was a potential result of the offense." *Id.* cmt. n.3(A)(iii)–(iv). Pursuant to a recent update to the commentary for Subsection (b)(2), a "victim" is also defined as "any individual

3

whose means of identification was used unlawfully or without authority" when the offense involves a means of identification. *Id.* cmt. n.4(E); *id.* supp. to app. C, amend. 726. A "means of identification" includes an account number. 18 U.S.C. §§ 1028(d)(7)(D), 1029(e)(1); U.S.S.G. § 2B1.1, cmt. n.1.

We have previously concluded that the Guidelines allow a district court to find that a reimbursed party has suffered a loss, and thus to treat that party as a victim. *Lee*, 427 F.3d at 895. In *Lee*, the defendants were convicted of mail fraud after writing checks on closed bank accounts. *Id.* at 884-85. While some check recipients were able to recoup their losses, other payees did not recover their losses. *Id.* at 885–86. In sentencing the defendants, the district court applied a two-level enhancement under U.S.S.G. § 2B1.1(b)(2)(A)(i), finding that the offense involved ten or more victims. *Lee*, 427 F.3d at 894. On appeal, the defendants challenged the enhancement, arguing that the district court erred in determining the number of victims because some of the check recipients were able to offset their losses, and therefore, those individuals should not have been considered victims under the enhancement. *Id.* We rejected that argument and held that the district court properly imposed the two-level enhancement because reimbursed victims nonetheless suffer an initial loss. *Id.* at 895.

Upon review of the record and upon consideration of the parties' briefs, we

affirm. Our decision in *Lee* is binding and has not been overruled by the Supreme Court or this Court sitting *en banc*, and we are thus bound by it. Furthermore, our holding in *Lee* is consistent with the recently updated commentary for § 2B1.1, which defines a "victim" without regard to whether an individual is subsequently reimbursed. *See* U.S.S.G. § 2B1.1, cmt. n.4(E); *id.* supp. to app. C, amend. 726. Appellants' request for oral argument is denied.

**AFFIRMED.**